IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMG INDUSTRIES CORPORATION,        )
AMG HOLDING CORPORATION and        )
ALLAN M. GOLDSTEIN                 )
                                   )
         Plaintiffs,               )
                                   )
    v.                             )   Civil Action No. 05-0173
                                   )
REXFORD L. LYON                    )
                                   )
         Defendant.                )

### MEMORANDUM AND ORDER OF COURT

This is an action for declaratory judgment and damages. Plaintiffs, AMG Industries Corporation ("AMG Industries"), AMG Holding Corporation and Allan M. Goldstein, have filed suit against their former lawyer, defendant Rexford L. Lyon. Plaintiffs seek a declaration that defendant is required to indemnify them if plaintiff Goldstein is found liable to defendant's wife in a proceeding currently pending in the United States District Court for the District of New Jersey, Trenton Division. Specifically plaintiffs allege that defendant, in his capacity as their lawyer breached various duties he owed plaintiffs and otherwise acted improperly by failing to disclose that defendant's wife intended to sue plaintiff Goldstein. Plaintiffs also seek compensatory and punitive damages, and the

attorneys' fees they have incurred thus far in defending the New Jersey action.

Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant argues that there is no case or controversy that is ripe for adjudication because plaintiffs have not been held liable to his wife in the New Jersey action and, thus, have not suffered any harm. Defendant has also filed a motion to transfer pursuant to 28 U.S.C. § 1404. For the reasons that follow, we will grant defendant's motion to transfer and order that this case be transferred to the United States District Court for the District of New Jersey, Trenton Division, where related litigation is pending.

I.   BACKGROUND

The background of this case is somewhat complicated. Lois Lyon, Rexford Lyon and Allan Goldstein used to practice law together in New Jersey. Amended Complaint at ¶ 11 (hereinafter "Compl."). In 1988, Mr. Goldstein formed AMG Industries, PLC, (hereinafter "the PLC") under the laws of Great Britain. Compl. ¶ 9. According to plaintiffs, defendant Rexford Lyon was appointed the board of directors of the PLC and was retained as legal counsel for the PLC and provided legal advice to Mr. Goldstein. Compl. ¶¶ 11 & 13. Mrs. Lyon wanted to invest

$300,000 in the PLC. Compl. ¶ 11. At the time, a subscription agreement prohibited Mrs. Lyon from purchasing stock in the PLC. Id. Instead, Mrs. Lyon and Mr. Goldstein executed a warrant agreement which, *inter alia*, would allow Mrs. Lyon to purchase 55,835 shares of stock on demand at a nominal purchase price. Id. Plaintiffs allege that, in his capacity as corporate counsel, defendant drafted the warrant agreement between the PLC and his wife. Id. Plaintiffs further allege that plaintiff Goldstein directed defendant to keep his wife advised of any material changes to the PLC. Compl. ¶ 11.

In 1992, the PLC underwent a corporate reorganization and swapped stock with its wholly owned subsidiary, AMG Industries, a Delaware corporation. Compl. ¶ 15. As a result, the British corporation became a subsidiary of the Delaware corporation, and the name was changed to AMG Industries. Id. Plaintiffs allege this corporate reorganization was designed and implemented by defendant. Defendant was thereafter appointed to the board of directors of AMG Industries, Inc. Compl. ¶ 16.

On March 2, 1998, Mrs. Lyon attempted to exercise her rights under the warrant agreement and served a certified check for $558.35, the original warrant certificate, and a completed form of election to purchase on plaintiff Goldstein. Compl. ¶ 18. Plaintiff Goldstein advised Mrs. Lyon that he was still

prohibited from issuing stock to her because of the subscription agreement. Id. In 2003, AMG Industries implemented a "squeeze out" merger to force certain minority shareholders to sell their equity interest to AMG Industries. Compl. ¶ 22. As a result of the merger, a new Delaware corporation, AMG Holding Corporation, was formed. Id. Plaintiffs contend that defendant did not inform them that his wife believed the warrant agreement had been breached. Id. Plaintiffs allege that, had defendant properly informed them his wife intended to sue plaintiffs, they would have purchased her shares as part of the "squeeze out" merger. Id.

In 2004, plaintiff Goldstein, defendant and Mrs. Lyon had a meeting to discuss the warrant agreement. Compl. ¶ 24. Soon thereafter, Mrs. Lyon filed a complaint against plaintiff Goldstein in the Superior Court of New Jersey, alleging breach of the warrant agreement. Compl. ¶ 25. Mrs. Lyon did not serve the complaint on plaintiff Goldstein nor did defendant inform plaintiffs of the lawsuit. Id. Mrs. Lyon thereafter filed and served an amended complaint in state court. Plaintiff Goldstein timely removed Mrs. Lyon's complaint to the United States District Court for the District of New Jersey, Trenton Division. That case is currently pending. Compl. ¶¶ 28 & 30.

On February 15, 2005, plaintiffs AMG Holding Corporation and AMG Industries filed a "Complaint for Declaratory Judgment" against defendant in this court. Thereafter, on May 18, 2005, plaintiffs filed an amended complaint adding plaintiff Goldstein and seeking declaratory judgment and damages. The gravamen of plaintiffs' complaint is that defendant should have informed plaintiffs that his wife believed that they had breached the warrant agreement and that she intended to sue them. Plaintiffs contend that, had they known of Mrs. Lyon's intentions, they would have purchased her shares in 1998 for a total of $227,248. Plaintiffs have asserted five (5) counts: breach of the fiduciary duty of loyalty (Count I); misrepresentation (Count II); negligent misrepresentation (Count III); breach of the fiduciary duty of care (Count IV); and breach of duty as legal counsel (Count V). Plaintiffs seek compensatory and punitive damages; the legal fees they have incurred thus far in defending Mrs. Lyon's cause of action in New Jersey; and a declaration that defendant is liable for any damage award to Mrs. Lyon in excess of $227,248.

II.   STANDARD OF REVIEW

   A.   Motion to Dismiss

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or

whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B. Motion to Transfer

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This court has wide discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Requests for transfer under § 1404(a) may be granted when venue is proper in both the

original and requested venue. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

III.   DISCUSSION

    A.   Motion to Dismiss

Defendant contends that the court should grant his Motion to Dismiss[1] for Failure to State a Claim because: (1) there is no "case or controversy" and, thus, this case is not ripe for adjudication; (2) AMG Industries and AMG Holding Corporation have suffered no losses; and (3) the amended complaint does not contain allegations which would establish that defendant owed any duty to plaintiff Goldstein.

Article III, Section 2 of the United States Constitution "limits federal jurisdiction to actual 'cases' and 'controversies.'" Travelers Ins. Co. v. Obusek, 72 F.3d 1153 (3d Cir. 1992). In the context of a declaratory judgment action, the Court of Appeals for the Third Circuit has directed that, in order to evaluate whether or not there is a legitimate dispute between the parties, the court must examine: (1) the adversity of the interests of the parties; (2) the conclusiveness of the

---

[1] Although defendant has moved to dismiss the amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), his argument that the matter is not ripe for adjudication implicates the court's subject matter jurisdiction and therefore will be analyzed under Fed.R.Civ.P. 12(b)(1) as well.

7

judicial judgment; and (3) the practical help, or utility of that judgment. Id. at 1154.

Evaluated in light of these factors, this case is presents a justiciable controversy. Here, plaintiffs are seeking both declaratory relief and damages for defendant's alleged breach of his fiduciary duty of loyalty; misrepresentation; negligent misrepresentation; breach of the fiduciary duty of care; and breach of duty as legal counsel. Defendant argues that plaintiffs' case is contingent upon the resolution of his wife's New Jersey action. It appears however, based upon the facts stated in the amended complaint, plaintiffs are alleging that defendant's conduct harmed them even if they are not ultimately held liable to his wife. Thus, the parties' interests are sufficiently adverse, a judicial judgment would be conclusive, and of practical help to the parties.

B.   Motion to Transfer

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order to transfer the case, jurisdiction and venue must be appropriate both in the transferor and transferee court. The parties do not dispute that both this court and the United States

District Court for the District of New Jersey have jurisdiction over the parties. Plaintiffs contend that they have never conceded venue is proper in the United States District Court for the District of New Jersey. Plaintiffs' Brief in Opposition to Motion to Transfer at p. 5. Plaintiff Goldstein has not, however, filed a motion to dismiss the New Jersey action pursuant to Fed.R.Civ.P. 12(b)(3) on the basis that venue is improper in the New Jersey action. Thus, it appears that venue is proper in New Jersey, it is just not the forum plaintiffs prefer.

The Supreme Court has noted that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to prevent." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). A number of courts have held that the presence of a related case in the proposed transferee forum is a strong reason to grant a motion to transfer. See e.g., Sovereign Bank v. BJ's Wholesale Club, Inc., 2005 U.S. Dist. LEXIS 7290 (E.D.Pa. Apr. 25, 2005); Schiller-Pfeiffer, Inc. v. Country Home Prods., 2004 U.S. Dist. LEXIS 24180 (E.D.Pa. Dec. 1, 2004).

The Court of Appeals for the Third Circuit has held that, in addition to the factors enumerated by section 1404, courts should consider a variety of public and private interests in

determining whether transfer is appropriate. Jumara v. State Farm Ins. Co. 55 F.3d 871, 879 (3d Cir. 1995). The private interests include: plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879-80(internal citations omitted). The court of appeals noted that the last two factors weigh in favor of transfer only when the witnesses would be unavailable and the documents incapable of being produced in the original forum. The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id.

Applying these principles to this case, we conclude the case should be transferred to the United States District Court for the District of New Jersey, Trenton Division. The majority of private and public factors favor neither party. Two factors, however, indicate transfer is appropriate. First, although

plaintiffs' choice of forum should not lightly be disturbed, the instant action is inextricably intertwined with previously filed New Jersey action.  As the United States District Court for the Eastern District of Pennsylvania has noted "this consideration-of a related case in the transferee forum-is sufficient to tilt the balance in favor of transfer even when the convenience of parties and witnesses would favor a denial of the motion." Southhampton SportsZone, Inc. v. ProBatter Sports, LLC, 2003 U.S. Dist. LEXIS 18126 (E.D.Pa. Sept. 10, 2003).  In addition, many of the claims which plaintiffs have brought here concern the professional conduct of defendant, an attorney licensed to practice law in New Jersey.  The regulation of lawyers is a distinctly local interest.  It seems appropriate that these claims be resolved by the federal court in New Jersey.  The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMG INDUSTRIES CORPORATION, AMG HOLDING CORPORATION and ALLAN M. GOLDSTEIN<br><br>Plaintiffs,<br><br>v.<br><br>REXFORD L. LYON<br><br>Defendant. | Civil Action No. 05-0173 |

ORDER

AND NOW, this 15 day of November, 2005 IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Amended Complaint [doc. No. 9] is DENIED and Defendant's Motion to Transfer [doc. No. 14] is GRANTED. The clerk is hereby directed to transfer this case to the United States District Court for the District of New Jersey, Trenton division, forthwith.

BY THE COURT:

_____, J.

cc:   All Counsel of Record